# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------X   INDEX NO. 25939/2017E

JOHN JORDAN,

                Plaintiffs,

-against-

RYDER TRUCK RENTAL &
CHRISTOPHER CALLEWOG

                Defendants.

Date Filed: 5/12/17

Plaintiff designates
BRONX County as
place of trial.

The basis of the
venue is based on
Plaintiff's residence.

**SUMMONS**

Plaintiff resides at
2155 Grand Concourse
Bronx, NY 10453
County of Bronx

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance on the attorney for plaintiff within (20) twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
       May 12, 2017

Yours etc.
STUART M. KERNER, ESQ.
LAW OFFICES OF STUART M. KERNER, P.C.
Attorneys for Plaintiff
OFFICE AND P.O. ADDRESS
269 West 231st Street
Bronx, New York 10463
(718) 796-3626

Defendant's Addresses:

RYDER TRUCK RENTAL
6605 Governor Printz Boulevard
Wilmington, Delaware 19809

CHRISTOPHER CALLEWOG
127 Meehan Street
Philidelphia, Pennsylvania 19119

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
JOHN JORDAN,

                Plaintiff,

                INDEX NO. 23938/2017E

    -against-

                VERIFIED COMPLAINT

RYDER TRUCK RENTAL &
CHRISTOPHER CALLEWOG

                Defendants.
---------------------------------------------------------------X

       Plaintiff, by his attorney, STUART M. KERNER, P.C., as and for his verified complaint herein, respectfully sets forth and alleges as follows upon information follows:

    1.    At all times herein mentioned, plaintiff was and still is a resident of the County of Bronx, City and State of New York.

    2.    That on September 6, 2016, defendant **RYDER TRUCK RENTAL**, was and still a forgiven corporation with it's principal of business in the City of Wilmington and State of Delaware.

    3.    That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG**, was and still is a resident of the City of Philadelphia and State of Pennsylvania.

    4.    That on September 6, 2016, defendant **RYDER TRUCK RENTAL** was the owner of a 2003 tractor trailer freight truck bearing Delaware registration number CL115203.

    5.    That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** operated the aforesaid a 2003 tractor trailer bearing Delaware registration number CL115203.



A  6.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** operated the motor vehicle with the permission of defendant **RYDER TRUCK RENTAL**.

A  7.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** operated the aforementioned motor vehicle with the knowledge of the defendant **RYDER TRUCK RENTAL**

A  8.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** operated the aforementioned motor vehicle with the consent of the defendant **RYDER TRUCK RENTAL**.

DICT  9.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** managed the aforesaid 2003 tractor trailer bearing Delaware registration number CL115203.

DICT  10.  That on September 6, 2016, defendant **RYDER TRUCK RENTAL** managed the aforesaid 2003 tractor trailer bearing Delaware registration number CL115203.

D  11.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** maintained the aforesaid motor vehicle.

A  12.  That on September 6, 2016, defendant **RYDER TRUCK RENTAL** maintained the aforesaid motor vehicle.

DIIC  13.  That on September 6, 2016, defendant **CHRISTOPHER CALLEWOG** controlled the aforesaid 2013 tractor trailer bearing Delaware registration number CL115203.

DIIC  14.  That on September 6, 2016, defendant **RYDER TRUCK RENTAL** controlled the aforesaid 2003 tractor trailer bearing Delaware registration number CL115203.

DICT  15.  That on September 6, 2016, plaintiff, **JOHN JORDAN** was the operator of his 2007 Dodge motor vehicle bearing New York State registration number GZH5703.

A  16.  At all times hereinafter mentioned, Upper Level of George Washington Bridge in the County of New York, City and State of New York, were and still are public roadways and/or thoroughfares.

Dict 17.  That on September 6, 2016, the motor vehicle owned by RYDER TRUCK RENTAL, was being operated by CHRISTOPHER CALLEWOG on the Upper Level of George Washington Bridge, in the County of New York, City and State of New York.

DICT 18.  That on September 6, 2016, plaintiff JOHN JORDAN, was operating his motor vehicle on Upper Level of George Washington Bridge, County of New York, City and State of New York.

D  19.  That on September 6, 2016, at the aforementioned location, the motor vehicle owned by defendant RYDER TRUCK RENTAL and operated by defendant CHRISTOPHER CALLEWOG struck the motor vehicle operated by plaintiff JOHN JORDAN.

D  20.  That as a result of the aforesaid contact, plaintiff JOHN JORDAN, was injured.

D  21.  That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

D  22.  That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of the defendants, and each of them, in their respective ownership, operation, control, care, custody, charge, supervision, management and maintenance of their motor vehicle; in operating their said motor vehicle at an excessive, unlawful and improper rate of speed; in failing to keep the said motor vehicle under careful, lawful and proper control; in failing to keep a proper lookout; in failing to observe the conditions of the roadway prevailing at the time and place aforesaid; in failing to observe the motor vehicle which plaintiff, was operating in sufficient time so as to avoid the occurrence complained of; in failing to have adequate brakes and/or braking devices of in failing to properly apply same in

sufficient time so as to avoid the occurrence complained of; in failing to give this plaintiff any and/or adequate and/or sufficient warning or notice of the impending occurrence by sound of horn or othiswise; in failing to steer the said motor vehicle so as to avoid the occurrence complained of; in making improper, unsafe and unlawful steering maneuvers; in failing to comply with the rules of the road appertaining at the time and place aforesaid; in failing to observe and/or obey any traffic signs, signals or devices then and thise existing; in causing their said motor vehicle to come into contact and collision with the rear of plaintiff's vehicle; in violating the applicable and pertinent statutes of the State of New York, including, but not limited to, the applicable and pertinent sections of the vehicle and traffic laws of the State of New York, as well as the applicable codes, rules, regulations and traffic ordinances of the City of New York; in failing to exercise the necessary and requisite steps to prevent this foreseable occurrence.

23. That by reason of the foregoing, plaintiff, **JOHN JORDAN**, sustained severe and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, **JOHN JORDAN**, was othiswise damaged.

24. That plaintiff **JOHN JORDAN** sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

25. That plaintiff **JOHN JORDAN** sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

26. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

27. That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of the defendants, as aforesaid, with no negligence on the part of this plaintiff contributing thiseto.

28. That by reason of the aforesaid, the plaintiff, **JOHN JORDAN**, was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure himself of his said injuries; was caused to be incapacitated from his usual duties and activities and/or employment and may in the future continue to be so incapacitated.

29. That by reason of the aforesaid, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts.

**WHEREEFORE**, plaintiff demands judgement against the defendants, who are jointly and severally liable, in a sum that exceeds the jurisdictional limits of all lower courts, together with the interest, costs and disbursements of ther action.

Dated: Bronx, New York
May /2, 2017

Yours, etc,
STUART M. KERNER, ESQ.
Law Offices of Stuart M. Kerner, P.C.
Attorneys for Plaintiff(s)
269 West 231st Street
Bronx, New York 10463
(718) 796-3626

AD)
① Colp Conduct
② Coll force
③ No S/A
④ No S/I.

6

# VERIFICATION

STATE OF NEW YORK  )
                   : SS:
COUNTY OF BRONX    )

_John Jordan_ being duly sworn, deposes and says: That deponent is (one of) the plaintiff(s) in the within action; that deponent has read the foregoing _Complaint_ and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

Sworn to before me this
12 day of M, 2007

_____
Notary Public

STUART M. KERNER
Notary Public, State of New York
No. 02KE4992166
Qualified in Westchester County
Commission Expires May 28, 2019